NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EMPRESS HADIYA BEY,**

*Plaintiff-Appellant*

**v.**

**JOSEPHINE ANTOINE, Both in her Individual and Official capacity,**

*Defendant*

**MICHAEL MANCILLA, HENRI ROC, FRANCIS SHEA, JASON ROCKE,**

*Defendants-Appellees*

---

2022-1965

---

Appeal from the United States District Court for the Eastern District of New York in No. 1:19-cv-01877-PKC-RER, Judge Pamela K. Chen.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Responding to the court's August 18, 2022, order to show cause, the appellees urge dismissal of this appeal for

lack of subject matter jurisdiction and finality. Empress Hadiya Bey moves for leave to proceed *in forma pauperis* and responds in favor of this court's jurisdiction or, failing that, by requesting transfer to the Supreme Court of the United States.

Ms. Bey filed the operative complaint at the United States District Court for the Eastern District of New York, alleging various state and local officials violated her constitutional rights and federal laws. Our jurisdiction as it relates to decisions from federal district courts extends only to cases arising under the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see* § 1295(a)(4)(C); or certain damages claims against the United States "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C.§ 1295(a)(2). Ms. Bey's case falls outside of that limited jurisdiction.

When this court lacks jurisdiction, we may transfer to another court, if it is in the interest of justice, where "the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. That would not be the Supreme Court. *See* 28 U.S.C. § 1251 *et seq*. To the extent a court of appeals would have jurisdiction over the challenged orders in this case, it would be the United States Court of Appeals for the Second Circuit. We deem it appropriate to transfer the appeal to the Second Circuit for it to resolve appellees' arguments concerning finality.

Accordingly,

IT IS ORDERED THAT:

Pursuant to 28 U.S.C. § 1631, this appeal and all transmittals are transferred to the United States Court of

BEY v. ANTOINE                                                      3

Appeals for the Second Circuit.

FOR THE COURT

OCTOBER 18, 2022          /s/ Peter R. Marksteiner
       Date              Peter R. Marksteiner
                         Clerk of Court